CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
November 18, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JULLIAN A. HUFFMAN,** | ) |
| Plaintiff, | ) Case No. 7:24CV00640 |
| v. | ) **OPINION** |
| **TIMOTHY MCAFEE, ET AL.,** | ) JUDGE JAMES P. JONES |
| Defendants. | ) |

*Jullian A. Huffman, Pro Se Plaintiff.*

The plaintiff,[1] a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Huffman's allegations are sparse: "Attorney Timothy and Kristen McAfee failed to represent me properly on Wise Circuit Case F22-194 (07, 08) and Kristen McAffee is failing to correspond with me on Virginia Supreme Court Case 1735-22-3 when she was court appointed." Compl. 3, ECF No. 1. As relief in the case, Huffman seeks money damages and appointment of a new attorney for his case before the Supreme Court of Virginia. After review of the Complaint, I conclude that the action must be summarily dismissed.

---

[1] On the face of the Complaint, Huffman lists another plaintiff, David L. Huffman, of Dryden, Virginia. This individual has not signed the Complaint, however, and it contains no set of allegations showing that the defendants violated David Huffman's constitutional rights in any way. Accordingly, this individual was not added to the court's docket as a plaintiff, and I have not considered him as such.

A viable complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (citation omitted). The court may summarily dismiss a civil action filed in forma pauperis if the court determines that the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" under former version of 28 U.S.C. § 1915(d)).

> Defense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under § 1983, whether privately retained, *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976), appointed by the state, *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982), or employed as public defenders, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

*Ward v. Ghee*, 1993 WL 410357 at *1 (4th Cir. Oct. 13, 1993) (unpublished).

Because counsel's alleged professional deficiencies in Huffman's state court cases occurred while they were acting as defense attorneys, those actions were not taken under color of state law as required to provide a factual or legal basis for suit under § 1983.

For these reasons, I will summarily dismiss this § 1983 action as frivolous under § 1915(e)(2)(B)(i).

A separate Final Order will be entered herewith.

        DATED: November 18, 2024

        /s/  JAMES P. JONES
        Senior United States District Judge